IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Christine M. Arguello

Civil Action No. 20-cv-00757-CMA

LACIE NELSON,

    Petitioner,

v.

DEAN WILLIAMS, Executive Director, Colorado Department of Corrections, and
PHIL WEISER, Attorney General, State of Colorado,

    Respondents.
_____

**ORDER DENYING MOTION FOR RECONSIDERATION**
_____

The matter before the Court is a Motion to Alter Order and Judgment ("motion for reconsideration") (ECF 59), filed by Petitioner, Lacie Nelson, on January 10, 2022, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Ms. Nelson asks this Court to reconsider its rulings on two claims asserted in the December 14, 2021 Order denying the Amended Petition (ECF 57). Respondents filed a Response to the motion (ECF 61) and Petitioner filed a Reply (ECF 62). Having considered the parties' filings, the Court denies the motion for reconsideration.

**I. LEGAL STANDARDS**

  **A. Rule 59(e)**

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e); *Banister v. Davis*, 140 S.Ct. 1698, 1703 (2020). Rule 59(e) gives a district court the opportunity "to rectify its own mistakes in the period immediately following" its decision. *Banister*, 140 S.Ct. at 1703 (citing *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450, (1982)).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion should not revisit issues already addressed or advance arguments that could have been raised previously. *Id*.; *See also Banister,* 140 S.Ct. at 1703.

### B. AEDPA Standard of Review

"Federal habeas corpus review of a state prisoner's conviction and sentence is circumscribed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Smith v. Duckworth,* 824 F.3d 1233, 1240 (10th Cir. 2016). Under the AEDPA, a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The applicant bears the burden of proof under § 2254(d). *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

Pursuant to § 2254(d)(2), the court "must defer to the state court's factual determinations so long as 'reasonable minds reviewing the record might disagree about the finding in question.'" *Duckworth,* 824 F.3d at 1241 (quoting *Brumfield v. Cain*, 576 U.S. 305, 314 (2015)). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Nevertheless, "if the petitioner can show that 'the state courts plainly misapprehend[ed] or misstate[d] the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim, that misapprehension can fatally undermine the fact-finding process, rendering the resulting factual finding unreasonable.'" *Duckworth,* 824 F.3d at 1241 (alterations in original) (internal quotation marks and citation omitted). To be entitled to relief under § 2254(d)(2), the petitioner must demonstrate that the state court's decision is "based on"—i.e., "rests upon"—the unreasonable determination of fact. *Byrd v. Workman*, 645 F.3d 1159, 1172 (10th Cir. 2011); *see also Duckworth,* 824 F.3d at 1251. "Section 2254(d)(2) "is a daunting standard—one that will be satisfied in relatively few cases." *Byrd*, 645 F.3d at 1172 (internal quotation marks omitted).

If the petitioner succeeds in demonstrating that the state court decision was based on an unreasonable determination of the facts in light of the evidence presented, the federal habeas court must consider the merits of the constitutional claim *de novo*. *See Johnson v. Martin,* 3 F.4th 1210, 1225 (10th Cir. 2021); *Sharp v. Rohling,* 793 F.3d 1216, 1228 (10th Cir. 2015).

## II. BACKGROUND

### A. Summary of Evidence at Ms. Nelson's Trial

The Court provided a lengthy and detailed account of the evidence at Ms. Nelson's trial in the December 14, 2021 Order, which will not be repeated here. For purposes of ruling on the motion for reconsideration, the Court relies on the Colorado Court of Appeals' summary of the evidence presented in the state court proceedings:

> In the summer of 2002 and spring of 2003, Ms. Nelson and her husband, Roy Nelson, intermittently lived with Mr. Nelson's sister, Shannon Gonser, her husband, and their four children. In 2003, the Gonsers separated. Shortly thereafter, the Gonser children disclosed to their father and a counselor that their mother had physically and sexually abused them. In January 2006, mother was convicted of several counts of sexual assault and child abuse. Her convictions were reversed on appeal and she was acquitted of all charges at her retrial in 2010.
>
> In the meantime, and years after the children disclosed mother's abuse to their father, three of the children further disclosed that the Nelsons were also involved in the sexual abuse. In August 2006, the Nelsons were charged with multiple accounts of sexual assault on a child.
>
> Ms. Nelson's case proceeded to trial in June 2008. (Mr. Nelson pleaded guilty to two lesser offenses in exchange for a stipulated sentence to probation and immediate release from custody). Although mother consistently maintained that no abuse ever occurred, Ms. Nelson was unable to call her as a witness at her trial because mother's appeal was pending and she would have exercised her Fifth Amendment privilege against self-incrimination. The jury failed to reach a verdict, and the court declared a mistrial.
>
> The case was retried in January 2009. The evidence against Ms. Nelson consisted primarily of the testimony of the three children (C.G., D.G., and Dn.G.]. Evidence of mother's and Mr. Nelson's convictions were introduced as well. [Footnote omitted]. At her second trial, Ms. Nelson was convicted of all counts. The court imposed three concurrent sentences of twelve years to life, and a consecutive sentence of eight years to life. A division of this court affirmed the judgment of conviction. *See People v. Nelson*, (Colo. App. No. 09CA0958, May 24, 2012) (not published pursuant to C.A.R. 35(f)).
>
> In 2014, Ms. Nelson filed a Rule 35(c) motion. In her motion, . . . Ms. Nelson . . . alleged that that her second trial counsel was ineffective

for failing to investigate and present evidence regarding a sexual assault allegation against the oldest child, C.G. [Footnote omitted].

The court held a postconviction hearing at which mother, mother's lawyer and Ms. Nelson's lawyers testified.

. . . .

Ms. Nelson's first trial counsel testified . . . that he reviewed the case against C.G. and made a strategic decision not to present the information [about the sexual assault allegations against C.G.] to the jury because, in his view, it was irrelevant.

. . . .

[Ms. Nelson's] [s]econd trial counsel also testified that she had a copy of the police report relating to a juvenile case pending against C.G., but that she could not remember if she introduced the evidence at trial or even whether she thought the evidence was important.

Mother's attorney testified that he introduced evidence of the sexual assault allegations against C.G. at mother's second trial. He opined that the allegations against C.G. were "an incredibly important" part of mother's successful defense. He argued to the jury that because C.G. made accusations against his mother so close in time to when C.G. was scheduled to appear in his own case, C.G. knew "what would happen if he made this accusation against his mother."

The postconviction court . . . held that counsel's performance did not constitute ineffective assistance of counsel.

*People v. Lacie Dawn Nelson*, No. 15CA1237 (Colo. App. Oct. 5, 2017) (unpublished) (ECF 16-9, pp. 2-7).

### B. Federal Habeas Proceeding

Ms. Nelson's Amended Petition (ECF 16) asserted five claims for relief. As relevant to the motion for reconsideration, Ms. Nelson claimed that her Sixth Amendment right to the effective assistance of counsel was violated when her trial counsel failed to investigate and present evidence that C.G. [Ms. Nelson's nephew by marriage] had been accused of and prosecuted for sexual assault against a neighbor girl (claim one). (*Id.*, pp. 50-58). Ms. Nelson further claimed that applying AEDPA to

5

deny relief in this case would violate the Separation-of-Powers Doctrine, the Supremacy Clause, and the Suspension Clause of the U.S. Constitution (claim five). (*Id.*, pp. 76-83). On December 14, 2021, the Court issued an Order denying the Amended Petition on the merits and dismissing it with prejudice. (ECF 57). Final Judgment entered the same day. (ECF 58).

Ms. Nelson now argues in the motion for reconsideration that the Court misapprehended the law in ruling on her Sixth Amendment ineffective assistance of counsel claim, and incorrectly determined that she raised a freestanding claim of actual innocence. Ms. Nelson also maintains that she is entitled to a writ of habeas corpus because the Respondents have not disputed her actual innocence; alternatively, she urges the Court to hold an evidentiary hearing on her claim of actual innocence.

### III. ANALYSIS

#### A. Claim One – Ineffective Assistance of Counsel

Ms. Nelson first argues that this Court failed to apply controlling law in rejecting her argument that the Colorado Court of Appeals' decision denying relief under the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 687, 695 (1984) was based on an unreasonable determination of fact. Ms. Nelson asserted in the Amended Petition that the state appellate court determined incorrectly that evidence C.G. had been prosecuted for sexually assaulting a neighbor girl at the time the children first accused their mother Shannon of sexual assault was "cumulative" to other impeachment evidence presented at Ms. Nelson's second trial, where the information was not already before the jury. (ECF 16, pp. 50-51). Ms. Nelson contends in the motion for reconsideration that this Court should have applied the definition of "cumulative"

6

articulated by the Tenth Circuit Court of Appeals in *Smith v. Secretary of New Mexico Dep't of Corrections*, 50 F.3d 801, 829 (10th Cir. 1995), to find that she is entitled to relief under § 2254(d)(2). (ECF 59, pp. 2-5).

The Colorado Court of Appeals analyzed Ms. Nelson's ineffective assistance of counsel claim under the standards of *Strickland* (*see* ECF 16-9, pp. 14-15), and rejected it on the following grounds:

> Ms. Nelson argues that the district court erred in denying her claim of ineffective assistance of counsel based on counsel's failure to present evidence of a sexual assault allegation against the oldest child, C.G.
>
> We need not address whether counsel's failure to address that evidence amounted to deficient performance because, even if it did, Ms. Nelson did not demonstrate prejudice. [State case law citation omitted].
>
> Ms. Nelson contends that the failure to present evidence that C.G. had been accused of sexual assault was prejudicial because (1) the evidence was introduced in mother's second trial and she was acquitted of all charges, and (2) the evidence was "absolutely crucial" to establish a "motive [for the children] to fabricate allegations of sexual assault" against Ms. Nelson and to show that C.G. had knowledge of the ramifications of being accused of such a crime. We are not persuaded.
>
> First, we find no merit to Ms. Nelson's argument that because this evidence was introduced at mother's trial and mother was acquitted, it necessarily follows that if this evidence were introduced at her own trial, she would also be acquitted. This allegation is simply too speculative to demonstrate the prejudice necessary to warrant a new trial. *See People v. Rodriguez,* 914 P.3d 230, 296 (Colo. 1996) (holding defendant's claim "wholly lack[s] merit" where defendant's assertions of ineffective assistance of counsel are based on "pure speculation").
>
> Second, Ms. Nelson does not explain, and it is not apparent to us, why the allegations against C.G.—made by a girl who lived in the neighborhood—would give C.G. a motive to fabricate allegations *against his aunt*, Ms. Nelson. We are unable to discern any logical connection between the unadmitted evidence and the suggested motive.
>
> As for the argument that, having been accused of sexual assault, C.G. would understand the ramifications of his allegations against Ms. Nelson, we are quite certain that those ramifications would have been

7

>
> obvious to all of the children by the time of Ms. Nelson's 2009 retrial. By then, of course, she had been arrested, detained for months before she posted bond, and proceeded through a first trial.
>
> To the extent the evidence had any probative value, it was merely cumulative of other (more plausible) impeachment evidence. Ms. Nelson's entire trial strategy was to impeach the children's testimony. The impact of this additional evidence against C.G. would therefore be negligible. [*People v.*] *Washington,* [2014 COA 41,] ¶ 35 [(Colo. App. 2014)] (finding trial counsel not ineffective for failing to introduce cumulative evidence).
>
> Accordingly, like the district court, we conclude that Ms. Nelson failed to demonstrate a reasonable probability that the introduction of this evidence would have led to a different result. *Strickland,* 466 U.S. at 694.

(ECF 16-9, pp. 16-19) (Emphasis in the original).

In the December 14 Order, the Court concluded the following:

> Black's Law Dictionary defines cumulative evidence as "[a]dditional evidence that supports a fact established by the existing evidence (especially that which does not need further support)." Cumulative Evidence, Black's Law Dictionary (11th ed. 2019). (Doc. No. 16, p. 55). *See also Smith v. Secretary of New Mexico Dep't of Corrections*, 50 F.3d 801, 829 (10th Cir. 1995) (undisclosed report of police officer was not cumulative where prosecution witness was never impeached about any of the material contained in the report). However, federal courts of appeal have also deemed undisclosed impeachment evidence cumulative when the witness has already been sufficiently impeached at trial. *See, e.g., Brown v. Smith,* 551 F.3d 424, 433-34 (6th Cir. 2008) (citing *Edmond v. Collins*, 8 F.3d 290, 294 (5th Cir.1993)). The Colorado Court of Appeals determined that the allegation of sexual assault against C.G. was cumulative to other impeachment evidence presented at trial—i.e., that the children's alleged fabrication of allegations of sexual abuse against Shannon and her family members stemmed from a divorce proceeding and custody battle between Lee and Shannon.
>
> The Court finds that the state appellate court reasonably determined, under an accepted definition of the term "cumulative," that evidence of C.G.'s prosecution for the sexual assault of a neighbor girl was cumulative of other evidence showing the children's motive and bias.

(ECF 57, pp. 26-27).

Ms. Nelson is correct that the Colorado Court of Appeals' use of the term "cumulative" to characterize the omitted impeachment evidence did not comport with the definition of the term articulated by the Tenth Circuit Court of Appeals in *Smith*. However, the issue under § 2254(d)(2) is whether the state appellate court's factual finding was unreasonable, not whether a federal district court in the Tenth Circuit would have reached a different determination applying Tenth Circuit precedent. *See Wood*, 558 U.S. at 301. The Colorado Court of Appeals determined that the evidence was cumulative in the sense that it was less plausible than the impeachment evidence that was presented to the jury. The trial transcripts from Ms. Nelson's second trial substantiate the state appellate court's finding that her "entire trial strategy was to impeach the children's testimony." (ECF 16-9, p. 18). The defense challenged the credibility of the child victims' pre-trial statements to family members, counselors, and the forensic interviewer, as well as their trial testimony, through vigorous cross-examination of prosecution witnesses and the defense's own expert testimony. The defense theory at trial was that the children were coached or influenced by their father and their father's sister to falsify sexual abuse allegations against their mother, and then Ms. Nelson, as part of an "anti-Shannon's family sentiment," resulting from Shannon and their father's divorce proceeding and custody battle. *See* State Court R., 1/12/09 Tr., Defense closing, pp. 34, 38-41; Exhibits File, Instruction No. 20, Defense Theory.

The Colorado Court of Appeals did not "plainly misapprehend or misstate the record," *Duckworth*, 824 F.3d at 1241, in finding that the omitted impeachment evidence was cumulative under a definition different from that recognized by the Tenth Circuit in *Smith*. At a minimum, fair-minded jurists could disagree as to whether the state

appellate court's finding that the omitted impeachment evidence was cumulative to the impeachment evidence presented at trial was unreasonable.[1]

Relying, in part, on the Sixth Circuit's decision in *Brown*, Ms. Nelson also maintains that this Court must consider the strength of the evidence against her at trial in evaluating whether the Colorado Court of Appeals' decision was based on an unreasonable factual determination, where the prosecution's case turned entirely on the credibility of D.G. and Dn.G. and there were many reasons to doubt the children's accounts of the abuse. (*See* ECF 59, pp. 2-4; ECF 62, pp. 6-7). Ms. Nelson likewise argued in the Amended Petition that evidence C.G. was prosecuted for sexually assaulting a neighbor girl at the time the children made the sexual abuse allegations against their mother, in a case where the evidence against Ms. Nelson was "slim and consisted of uncorroborated testimony of the two complainants" was not "cumulative" and, therefore, not "negligible." (ECF 16, pp. 54, 58).

In *Brown,* the Sixth Circuit reviewed the petitioner's ineffective assistance of counsel claim under a *de novo* standard of review. The Sixth Circuit rejected the State's argument that impeachment evidence not presented at trial was cumulative to other evidence impeaching the victim, where the only evidence to support a guilty verdict was the uncorroborated testimony of the victim. The *Brown* court concluded that the child

---

[1] The parties do not dispute that a state court's finding that evidence is cumulative is a factual finding subject to deferential review in a § 2254 proceeding. *See, e.g., Love v. Roberts,* 259 F. App'x 58, 63 (10th Cir. 2007) (state court's finding that evidence was cumulative was presumed correct under 28 U.S.C. § 2254(e)(1)). *See also Riechmann v. Fla. Dep't of Corr.*, 940 F.3d 559, 575 (11th Cir. 2019) (Florida Supreme Court's finding that the testimony defense counsel could have elicited from the absent witnesses was cumulative because "the jury was presented with testimony expressing the basic sentiments that Riechmann claims would have come from the absent witnesses" was a reasonable determination of fact under § 2254(d)(2); *Hooper v. Shinn,* 985 F. 3d 594, 618 (9th Cir. 2021) (Arizona Supreme Court reasonably determined under § 2254(d)(2) that undisclosed evidence witness received monetary benefits which made it more likely that witness was biased and motivated to lie was cumulative to other impeachment evidence presented at trial, which firmly established that witness was biased and motivated to lie).

victim was not "so effectively impeached by defense counsel at trial that the addition of the omitted impeachment evidence would not have caused "significant further deterioration of her credibility." 551 F.3d at 434. The Sixth Circuit reasoned that "[w]here there is relatively little evidence to support a guilty verdict to begin with (e.g., the uncorroborated testimony of a single witness), the magnitude of errors necessary for a finding of prejudice will be less than where there is greater evidence of guilt." *Id*. at 434-35 (citing *Strickland*, 466 U.S. at 696).

Critically, the *Brown* court did not review a state court factual finding under the deferential standards of § 2254(d)(2). In this case, where the Court's review is constrained by the AEDPA, the Court has determined, based on the evidence presented at Ms. Nelson's trial, that fair minded jurists could disagree as to whether the Colorado Court of Appeals reasonably determined that the omitted impeachment evidence was cumulative to the impeachment evidence that was presented to the jury.

Finally, to the extent Ms. Nelson's argument focuses on the Colorado Court of Appeals' determination that the impact of the impeachment evidence would have been "negligible," she fails to challenge a finding of fact. Instead, the determination goes to the weight of the evidence, which must be considered under § 2254(d)(1), not (d)(2). In *Wood v. Carpenter*, 907 F.3d 1279 (10th Cir. 2018), the Tenth Circuit Court of Appeals explained:

> First, Wood contends we can grant relief because the OCCA's decision was "based on an unreasonable determination of the facts." § 2254(d)(2). More specifically, he insists the OCCA's finding that the "material testimony from those credible witnesses not called at trial was nonetheless presented to the jury" qualifies as an unreasonable factual determination. [State court citation omitted]. But the OCCA's determination about what evidence was "material" is not a factual finding at all.

11

> In *Williams* [*v. Taylor*], the Supreme Court explained that the prejudice inquiry [under *Strickland*] is a "mixed question of law and fact." 529 U.S. [362,] 371, 120 S.Ct. 1495 [(2000)]. And the Court recognized that the "factual part of the mixed question" was whether evidence had, in fact, been "presented at trial." *Id*. at 398, 120 S.Ct. 1495. The "legal part" of the prejudice analysis, in contrast, related to the "strength of the . . . evidence." *Id*. [footnote omitted]. Accordingly, the OCCA could have made a factual error if it concluded evidence had been presented at trial when it, in fact, had not been. But Wood alleges no such error. Instead, he claims the OCCA made an erroneous factual determination when it categorized as immaterial the evidence developed at the evidentiary hearing but not presented at trial. This categorization plainly relates to the "legal part" of the prejudice analysis—the strength of the purportedly immaterial evidence, and whether it would have affected the proceeding's outcome. Simply put, since the factual determination Wood claims is unreasonable is not a factual determination, § 2254(d)(2) is inapplicable.

*Id.* at 1291.

In the December 14, 2021 Order, this Court determined, under § 2254(d)(1), that the Colorado Court of Appeals reasonably applied *Strickland* in concluding that Ms. Nelson was not prejudiced by trial counsel's failure to introduce evidence that C.G. was prosecuted for sexual assault of a neighbor girl. Ms. Nelson does not challenge that ruling in the motion for reconsideration. (See ECF 59, p. 1 n.1).

Ms. Nelson fails to demonstrate a basis, under Rule 59(e), for the Court to reconsider and vacate the order denying relief on claim one of the Amended Petition.

### B. Claim Five – Application of AEDPA Violates the Constitution

Ms. Nelson next argues in the motion for reconsideration that the Court erroneously interpreted claim five of the Amended Petition as asserting a "freestanding" claim of actual innocence. (ECF 59, p. 5). Instead, Ms. Nelson maintains, claim five asserted that because she is actually innocent, applying the deferential standards of review in § 2254(d) to deny her relief would render that statute violative of the separation-of-powers doctrine, the Supremacy Clause, and the Suspension Clause. (*Id.*,

12

pp. 5-6, citing ECF 16, pp. 71-78.)

The Court thoroughly addressed Ms. Nelson's federal constitutional arguments asserted in support of claim five in the December 14 Order. (*See* ECF 57, pp. 74-79). The Court then addressed Ms. Nelson's contention that "[t]o decline to grant habeas relief to an actually innocent prisoner such as Ms. Nelson would be to allow AEDPA to suspend the Great Writ itself." (ECF 16, pp. 83). (*See id.*, p. 79). After setting forth the Supreme Court and Tenth Circuit law applicable to free-standing claims of actual innocence asserted by state prisoners in a federal habeas action, the Court concluded that "[e]ven if a free-standing claim of actual innocence is viable in a non-capital case, the Court finds that Ms. Nelson had not met the extraordinarily high threshold to assert the claim. (*See id.*, pp. 79-80).

Again, Rule 59(e) relief is appropriate only where "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. Even if the Court mistakenly construed the Amended Petition as asserting a free-standing claim of actual innocence, the Court squarely addressed the federal constitutional arguments raised in claim five. Ms. Nelson does not cite any controlling legal authority to show that the Court misapprehended the law in rejecting her claim that § 2254(d)'s deferential standards of review violates the separation-of-powers doctrine, the Supremacy Clause, and the Suspension Clause.

With regard to Ms. Nelson's argument in the motion for reconsideration that the factual allegations of the Amended Petition establish her actual innocence and entitle her to a writ of habeas corpus, or at least to an evidentiary hearing, she has not met her burden to show that the Court misapprehended the facts or the controlling law in

13

denying federal habeas relief.

Ms. Nelson fails to demonstrate a basis, under Rule 59(e), for the Court to reconsider and vacate the order denying relief on claim five of the Amended Petition.

## IV. ORDER

For the reasons discussed above, it is

ORDERED that the Motion to Alter Order and Judgment (ECF 59), filed by Petitioner, Lacie Nelson, on January 20, 2022, is DENIED.

DATED February 23, 2022.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge